**Devinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71993.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

Earle A. Sylva, Esq., George T. Heridis, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Devinder Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for substantial evidence the agency's adverse credibility finding, *see Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999), and we deny the petition for review.

The agency properly based its adverse credibility determination on observations of Singh's demeanor and on Singh's failure to provide convincing documentary evidence despite his own testimony that such evidence was available and despite a continuance of almost one year designed to allow Singh to collect pertinent evidence. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 661–62 (9th Cir.2003) (recognizing that courts give "special deference" to the agency's eyewitness observations of demeanor); *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000) ("where ... the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review.").

Because the agency provided specific, cogent reasons for its adverse credibility determination, we are not compelled to reach a contrary conclusion. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Accordingly, Singh did not establish eligibility for asylum or withholding of removal. *See id.* at 993. Singh is not entitled to relief under the Convention Against Torture because he failed to demonstrate that it was more likely than not that he would be tortured upon return to India. *See* 8 C.F.R. § 208.16(c)(2); *Malhi*, 336 F.3d at 993.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897, 901 (9th Cir.2004) (order), Singh's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.